UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHERINE ANN GALLAGHER,

       Plaintiff,

v.                                                                                                  Case No. 10-12498
                                                                                 Honorable Julian Abele Cook, Jr.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## ORDER

This case involves a complaint by the Plaintiff, Katherine Ann Gallagher, who, in relying upon the authority of 42 U.S.C. § 405(g), has asked this Court to review a final decision by the Defendant, the Commissioner of the Social Security Administration ("Commissioner"). The parties thereafter filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure,[1] both of which were forwarded by the Court to Magistrate Judge Laurie J. Michelson for her evaluation. In a report on March 29, 2011, she recommended that this Court (1) grant in part Gallagher's motion for summary judgment, (2) deny the Commissioner's motion for summary judgment, and (3) remand the case to the administrative law judge pursuant to 42 U.S.C. § 405(g) for further proceedings. As of this date, neither party has expressed any objections to the magistrate judge's report and recommendation.

---

[1] Fed. R. Civ. P. 56(c) states, in pertinent part, that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact that the movant is entitled to judgment as a matter of law."

For the reasons that have been set forth below, this Court adopts the report, including the recommendations of Magistrate Judge Laurie J. Michelson, in its entirety.

I.

Gallagher is a woman in her mid-fifties who possesses two years of a college education, along with an employment history of work experience as a shipping and receiving clerk.

On May 1, 2006, she filed an application for disability and disability insurance benefits, which was denied initially and upon reconsideration. Thereafter, she sought and received a *de novo* hearing before an administrative law judge, who, on September 3, 2008, denied her claim. It was the conclusion of the administrative law judge that Gallagher, although suffering from the severe impairments of bilateral carpal tunnel syndrome and cervical radiculopathy, did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments" as set forth in 20 C.F.R. Pt. 404, Subpt. P, App'x 1, 1.04 ("Listing 1.04A"). The administrative law judge also determined that Gallagher had the residual functional capacity to perform medium work with some limitations, and was able to perform her past relevant work as a shipping and receiving clerk. In the alternative, the administrative law judge opined that, if she could not perform past relevant work, and given these limitations as well as her age, education, and work experience, there were a significant number of jobs available in the national economy that she could perform. Ultimately, the administrative law judge concluded that Gallagher did not suffer from a disability that is compensable under the Social Security Act. This decision became the final decision of the Commissioner on April 23, 2010, when the Appeals Council denied her request for a review. This lawsuit followed.

II.

This Court has jurisdiction to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance," *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if the facts could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. Thus, the court "does not review the evidence *de novo*, make credibility determinations, nor weigh the evidence." *Brainard*, 889 F.2d at 681.

III.

In her appeal, Gallagher urges the Court to conclude that the decision by the administrative law judge was flawed by errors of law and deficient in substantial evidence. First, she submits that the administrative law judge erred as a matter of law because he improperly, without the review of an "agency-approved physician," concluded that she did not medically meet or equal the criteria for disorders of the spine set forth in Listing 1.04A. (Pl.'s Br. at 9). Second, she argues that the administrative law judge erred by failing to even "mention or discuss" the medical records or opinions of her treating neurologist, Dr. Levin. The Court will address each issue in turn.

A.

Gallagher's contention that the administrative law judge erred in determining that the requirements of Listing 1.04A had not been met by her is without merit. This Listing provides as follows:

> Disorders of the spine . . . resulting in compromise of a nerve root . . . [w]ith [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

"When *all* the requirements for a listed impairment are not present, the Commissioner properly determines that the claimant does not meet the listing." *Blanton v. Soc. Sec. Admin.*, 118 F. App'x 3, 6 (6th Cir. 2004) (emphasis added). As Magistrate Judge Michelson indicated, Gallagher has conceded that she does not meet all of the criteria of Listing 1.04A. Furthermore, her argument that there is a sufficient amount of evidence with respect to one criterion found lacking does not carry the day because she admittedly does not meet other criteria. Following its review of the record, the Court finds that substantial evidence supports the administrative law judge's determination that Gallagher did not medically "meet" the criteria for medical impairments set forth in Listing 1.04A.

Alternatively, Gallagher contends that "while she may not meet the listing because each of the elements is not present, there is substantial evidence in the record to support an equalization of Listing 1.04A." (Pl.'s Br. at 9). "A claimant can demonstrate that she is disabled because her impairments are equivalent to a listed impairment by presenting 'medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)) (emphasis in original).

Here, although Gallagher has presented several diagnoses from her treating physician, she has failed to correlate how they are medically equivalent to those in Listing 1.04A. But it must be

4

emphasized that Gallagher has the "burden to prove that [s]he has an impairment or combination of impairments . . . medically equal to one listed in 20 C.F.R. Pt. 414, Subpt P, App. 1. To do so, [s]he must . . . present medical evidence that describes how [her] impairment is equivalent to a listed impairment." *Lusk v. Comm'r of Soc. Sec.*, 106 F. App'x 405, 411 (6th Cir. 2004). Because she has not done so, the Court adopts Magistrate Judge Michelson's finding that substantial evidence supports the administrative law judge's determination that Gallagher does not medically equal the requirements of Listing 1.04A.

Finally, it is Gallagher's erroneous contention that "an equalization determination is something that has to be made by an agency approved physician." (Pl.'s Br. at 9). As detailed in Magistrate Judge Michelson's report, not only does 20 C.F.R. § 404.1526(e) state that "[f]or cases at the Administrative Law Judge or Appeals Council level, the responsibility for deciding medical equivalence rests with the Administrative Law Judge or Appeals Council," this Court in *Timm v. Commissioner of Social Security*, No. 10-10594, WL 845950, at *4 (E.D. Mich. Feb. 14, 2011), also determined that "the ALJ did not err in making the disability determination without a medical consultant." Thus, this argument must also be rejected.

In summary, there is a sufficient quantity of medical information in the record that provided substantial evidence for the Commissioner to make a determination that Gallagher did not meet or medically equal the criteria set forth in Listing 1.04A.

B.

Next, Gallagher argues that the administrative law judge erred by failing to "mention or discuss" the medical records or opinions of her treating neurologist. Social Security Regulation (SSR) 96-2P states:

> Paragraph (d)(2) of 20 CFR 404.1527 and 416.927 requires that the adjudicator will always give good reasons in the notice of the determination or decision for the weight given to a treating source's medical opinion(s)[;] . . . Therefore[,] [w]hen the determination or decision[ ] is not fully favorable, e.g., is a denial . . . the notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

The Commissioner incorrectly contends that Gallagher's physician's medical source statement was submitted as evidence after the administrative law judge had rendered a decision. (Def.'s Br. at 19-20). The Commissioner states that "the ALJ did not ignore any opinion from [Gallagher's treating physician]. Rather, the ALJ relied upon the evidence of record" to make his determination. (*Id.* at 25). It is well settled that the reviewing court is limited to using only the evidence that is in the record to determine if the administrative law judge's opinion was supported by substantial evidence. *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007). As Magistrate Judge Michelson indicated, Gallagher's treating physician's medical source statement was faxed on July 19, 2008 - prior to the July 25th video hearing. (Tr. 36-37). Therefore, his medical source statement was properly considered by the administrative law judge and is properly before the Court.

When medical source evidence is at issue, the law imposes certain procedural standards that must be met. For instance, the "treating physician rule" requires the administrative law judge to presume that a treating physician's opinion has controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

other substantial evidence in your case record." *Cole v. Comm'r of Soc. Sec.*, No. 09-4309, 2011 WL 2745792, at *4 (6th Cir. July 15, 2011).

Alternatively, if the administrative law judge concludes that the treating physician's opinion is not entitled to controlling weight, he must "always give good reasons in [the] notice of determination or decision for the weight [given to a] treating source's opinion." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit, in *Wilson v. Commissioner of Social Security*, 378 F. 3d 541, 544 (6th Cir. 2004), used the following five-factor test to determine how much weight an administrative law judge should give to a treating physician's opinion if it is not deemed to be controlling:

   (1) the length of the treatment relationship and the frequency of examination,

   (2) the nature and extent of the treatment relationship,

   (3) the supportability of the opinion [the treating physician's ability to support his opinion],

   (4) consistency of the opinion as a whole, and

   (5) the specialization of the treating source.

*Id.*; 20 C.F.R. §§ 416.927, 404.1527.

This five-factor test incorporates the procedural protections embedded in 20 C.F.R §§ 404.1527(d)(2) and 416.927, which ensure that, where a treating physician's opinion is not given controlling weight, the reasons for that determination are sufficiently clear and specific to "permit[] meaningful appellate review of the ALJ's application of the rule." *Id.*

The transcript includes the medical source statement of Gallagher's treating doctor, which could possibly be given some weight in the administrative law judge's determination of disability. However, the record is devoid of any specific references from the administrative law judge as to

what weight, if any, was given to this medical information. The Commissioner also suggests that the referenced medical opinion is (1) not supported by objective medical evidence and (2) inconsistent with the other clinical findings. Thus, the Commissioner argues that the administrative law judge's decision would not have been any different even if the opinions of Gallagher's doctor were considered. However, this argument by the Commissioner does not resolve the administrative law judge's failure to apply *any* of the *Wilson* factors. "This requirement is not simply a formality; it is to safeguard the claimant's procedural rights." *Cole*, 2011 WL 2745792, at *4. An administrative law judge's failure to adhere to the procedural requirements is not harmless error, *Wilson*, 378 F.3d at 546, and "a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record," *Rogers v. Comm'r of Soc.*, 486 F.3d 234, 243 (6th Cir. 2007).

Therefore, pursuant to sentence four of 42 U.S.C. § 405(g), this case will be remanded to the administrative law judge in order for him to (1) discuss the challenged medical opinions, including the omitted medical source statement, and (2) if deemed necessary, reevaluate Gallagher's Residual Functional Capacity Assessment and perform new step four and five determinations.

IV.

For the reasons that have been outlined above, the Court adopts the report of Magistrate Judge Michelson.  Therefore, (1) Gallagher's motion for summary judgment is granted in part, (2) the Commissioner's motion for summary judgment is denied, and (3) pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is remanded for further proceedings that are consistent with the rulings of the Court herein above.

    IT IS SO ORDERED.


Date: August 30, 2011                                                        s/Julian Abele Cook, Jr.
                                                                          JULIAN ABELE COOK, JR.
                                                                          U.S. District Court Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on August 30, 2011

                                                                                               s/ Kay Doaks
                                                                                                Case Manager